LARRY L. BAUMBACH
SBN 50086
Law Office of Larry L. Baumbach
686 Rio Lindo Avenue
Chico, California 95926
Telephone: (530)891-6222
Fax: (530)893-8245

Attorneys for Plaintiff
DAVID LINN POWELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LINN POWELL,<br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF ORLAND; ORLAND POLICE OFFICER, IAN AYRES, BADGE #510; ORLAND POLICE OFFICER, ZACHARY LOPETEGUY, BADGE #507; and DOES 1 through 100, Inclusive.<br><br>　　　　　Defendants | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(DEMAND FOR JURY TRIAL)** |

This action is brought pursuant to 42 U.S.C. §1983 and 1988 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. The Court has jurisdiction of this action under 42 U.S.C. §1983, 28 U.S.C. §1343 and 28 U.S.C. §1331 and under California law described herein after.

**PARTIES**

1.　　This is a civil action seeking monetary damages against the Defendants, City of Orland, located in Glenn County, California, Orland Police Officer, Ian Ayres, Badge #510 and Orland Police Officer, Zachary Lopeteguy, Badge #507.

1

2. At all times referred to herein, Defendant, Ian Ayres, was a law enforcement officer employed by the City of Orland, County of Glenn, State of California.

3. At all times referred to herein, Defendant, Zachary Lopeteguy, was a law enforcement officer employed by the City of Orland, County of Glenn, State of California.

4. At all times referred to herein, Defendant, City of Orland, was a political subdivision located in Glenn County, California, organized and existing under the laws of the State of California.

5. At all times referred to herein, Defendants, Does 1 through Doe 100 were police officers employed by the City of Orland whose names and identities remain unknown at this time.

6. Defendant, City of Orland, was and is at all times referred to herein, the governing body of the political subdivision in which was located the Orland Police Department and as such was the supervising authority of the police department and of the Defendant Officers and was responsible for the training, supervision and conduct of said Defendant Officers as more fully set forth below.

7. The City of Orland was further responsible by law for enforcing its regulations and for insuring that Defendant Officers obey the laws of the State of California and the United States of America.

8. Plaintiff sues Defendants in their individual and representative capacity.

9. At all times referred to herein, Defendant Ayres and Defendant Lopeteguy acted under color of the laws, statutes, regulations, policies, customs and usages of the State of California and the City of Orland.

10. At all times referred to herein, the City of Orland, through its Police Department, acted under color of the laws, statutes, regulations, policies, customs and usages of the State of California and the City of Orland.

## STATEMENT OF FACTS

11. On September 19, 2011, Plaintiff, David Linn Powell, age 64, was driving his white and gray, 2003 Ford F250 pickup truck, bearing California license plate number 7G64647 at East Tehama Street and Woodward Avenue in the City of Orland at approximately 3:43 p.m. Defendant, Ian Ayres, affected a traffic stop by activating the overheard lights of his police cruiser and the Plaintiff, David Linn Powell, hereinafter "Powell" pulled off the roadway in obedience to the emergency lights on Defendant Ayres's police cruiser. At the time of the stop, the Plaintiff Powell was not violating any vehicle code, laws, rules or regulations and Defendant Ayres had no probable cause to stop the vehicle or to in any way impede the vehicle of Plaintiff Powell.

12. Upon approaching the vehicle, the passenger in Plaintiff's vehicle, one Tammera Audria Stedham, exited the vehicle and was promptly taken into custody by Defendant Ayres. Thereafter, Defendant Ayres detained the Plaintiff in his vehicle for approximately thirty (30) minutes without any cause to do so and without probable cause that the Plaintiff Powell had committed any crime, had violated any vehicle code section or was in any way in violation of statute, rules or regulations. During the approximately one half (1/2) hour during which Powell was detained, the Defendant Ayres successfully identified Powell by confirming his identity through the police department dispatcher. Nevertheless, Ayres insisted that Powell's vehicle would need to be towed. Powell was advised that he needed to exit his vehicle so that it could be towed notwithstanding the Defendant's knowledge that Powell was, in fact, the owner of the vehicle and licensed to drive. Powell obediently exited the vehicle and requested of Ayres that he be permitted to retrieve paper documents from the right passenger side of his vehicle. Defendant Ayres gave Plaintiff Powell permission to retrieve the documents but when Plaintiff reached in through an open window to retrieve the documents, Ayres grabbed him by the arm and at the same moment, Defendant Lopeteguy, who had arrived on the scene, wrapped Powell in his arms and

took him down face first into the pavement without warning, without any command and with great violence. Once Plaintiff was on the ground, Defendant Lopeteguy raised up, pulled his knee towards his chest and delivered his knee to the back of the prone Powell without warning, without command and without any resistance on Powell's part. The resulting blow contused one of the Plaintiff's lungs resulting in a traumatic pneumothorax (collapsed lung) seriously impairing Plaintiff's ability to breathe and causing Plaintiff to develop a contusion of the lung that endangered his life. All the foregoing caused Plaintiff great physical pain, injury, humiliation, embarrassment, fear, and anxiety and depression.

13. Defendants Ayres and Lopeteguy acts constituted excessive force and was in direct violation of the general orders of the City of Orland Police Department.

14. All of the acts described herein above were committed or aided or abetted or supported by each of the Defendant Officers.

15. Following the application of excessive force in attacking and arresting Plaintiff Powell, Plaintiff Powell was taken to the police department where he was left inside the back of the police cruiser for exceeding twenty (20) minutes without benefit of ventilation and profusely sweating. Criminal charges were filed against the Plaintiff alleging violation of various California Penal Codes all of which were ultimately dismissed.

## FIRST CAUSE OF ACTION

### Excessive Force Officer Liability 42 U.S.C. §1983 against Defendants Ayres and Lopeteguy

16. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 15 of this complaint as those fully set forth herein.

17. As a result of the injuries sustained by Plaintiff, he was required to retain the treatment of medical care providers and has suffered permanent injuries as a result of the attack inflicted upon him by the rogue Defendants.

4

18. As a direct and proximate result of the above referenced unlawful and malicious physical abuse of Plaintiff by Defendants committed under the color of law and under their authority as City of Orland employees, Plaintiff suffered and continues to suffer grievous bodily harm and was deprived of his right to be secure in his person against unreasonable searches and seizures of his person in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States.

19. As a direct and proximate result of the malicious and outrageous conduct of Defendants as set forth above, Plaintiff suffered severe and permanent injuries and damages. Additionally, Plaintiff has suffered special damages in a form of medical expenses and lost wages and will suffer additional special damages in the future in an amount which cannot yet be determined.

20. The actions alleged above deprive Plaintiff of the following rights under the United States Constitution: (a) freedom from the use of excessive and unreasonable force; (b) freedom from a deprivation of liberty without due process of law; (c) freedom from summary punishment; (d) detention without probable cause; and (e) arrest without probable cause.

21. Defendants subjected Plaintiff to such deprivations by either malice or reckless disregard of Plaintiff's civil rights and therefore are liable not only for Plaintiff's general and special damages but punitive damages as well for the purpose of punishing Defendants and making an example of Defendants.

## SECOND CAUSE OF ACTION

**Failure to Instruct, Supervise, Control and Discipline Directed Against the City of Orland**

22. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 21 of this complaint as fully set forth herein.

23. At all times relevant to this complaint, Defendant, City of Orland, was the controlling political agency of the Orland Police Department which acted through its agents and employees and was responsible for making policy respective of the police

department, its officers and operations and Defendants were acting pursuant to either their official policy or practice, custom and usage of the City of Orland or within the custom of the City of Orland and the police department of the City of Orland,

24. Acting under color of law, by and through the policy makers of the City and pursuant to official policy or custom and practice, the City of Orland intentionally, knowingly, recklessly, or with deliberate indifference to the rights of the inhabitants and citizens within the City of Orland failed to instruct, supervise, control and/or discipline on a continuing basis, its police officers in their performance of their duties to refrain from (a) unlawfully and maliciously assaulting and beating a citizen and otherwise using unreasonable and excessive force before, during or after the making of an arrest whether the arrest was lawful or unlawful; (b) unlawfully using deadly force to combat non-deadly force or using deadly force in situations that could be controlled by the use of proper questioning before drastic action be taken; (c) unlawfully striking a suspect on the body of plaintiff with their hands, knees, elbows, foot or other weapon; (d) falsifying police reports and other statements; (e) conspiring to violate the rights, privileges and immunities guaranteed to plaintiff by the Constitution and the laws of the United States and the laws of the State of California; and (f) otherwise depriving citizens of the Constitutional and statutory rights, privileges and immunities.

25. Defendant, City of Orland, has knowledge of or if it diligently exercised its duties to instruct, supervise, control and discipline on a continuing basis should have had knowledge that the wrongs that were going to be committed. Defendant City of Orland had the power to prevent or aid in preventing the commission of said wrongs, could have done so, and intentionally, knowingly or with deliberate indifference to the rights of the inhabitants of the City failed or refused to do so.

26. Defendant, City of Orland, directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct of its Defendant Officers.

COMPLAINT FOR DAMAGES

## THIRD CAUSE OF ACTION

**Conspiracy to Violate Plaintiff's Civil Rights under §1983 Against all Defendants**

27. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 26 of this complaint as fully set forth herein.

28. Defendants acting in their individual capacities and under the color of law have conspired together and with others, reached a mutual understanding and acted to undertake a course of conduct that violated Plaintiff's civil rights to wit (a) the Defendants agreed and acted to intentionally falsely arrest and imprison Plaintiff as afore described; (b) the Defendants agreed and acted to intentionally fabricate and contrive the charges lodged against Plaintiff as described; (c) the Defendants agreed and acted to intentionally submit false police reports, statements and testimony to support and corroborate the fabricated charges lodged against the Plaintiff; (d) the Defendants agreed and acted with others to beat, threaten, use excessive force or force that was excessive and intimidate and terrorize Plaintiff; and (e) the Defendants agreed and acted with others to punish Plaintiff for having exercised Constitutionally protected rights to confront and question the performance of a public official.

29. As a direct and proximate result of the conspiracy between Defendants and others as afore described, Plaintiff was attacked, beaten and charged with crimes for which he was not guilty, deprived of his right to be free from unreasonable and unlawful seizure, to equal protection of the laws, to due process rights to be free, from arbitrary and unreasonable action, which are secured under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and protected by 42 U.S.C. §1983.

30. As a further proximate result of Defendant's conduct, Plaintiff was compelled to hire counsel to defend him in the resulting criminal prosecution to endure the suspense of having accusations hanging over his head and for the ultimate dismissal of the false charges. But for Defendant's falsification of police reports and

misleading statements to prosecutors, no criminal prosecution would have been commenced.

### PRAYER

WHEREFORE PLAINTIFF, DAVID LINN POWELL, prays for Judgment against the Defendant, City of Orland, Defendant Officers jointly and severally for special damages for hospitalization, for medical expenses, for attorney's fees incurred in defending the criminal case, general damages in the amount of $1.5 million, attorney's fees, punitive damages and such other relief as the Court deems fair and appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Plaintiff, DAVID LINN POWELL, demands a jury trial.

Dated: August 26, 2012            THE LAW OFFICE OF LARRY L. BAUMBACH

_____
LARRY L. BAUMBACH